## UNITED STATES of America

v.

## Herbert L. SCHOENBOHM, Appellant.

### No. 06–3022.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) on Dec. 2, 2009.

Opinion Filed: Jan. 12, 2010.

James S. Carroll, III, Office of United States Attorney, United States Courthouse, St. Thomas, US, VI, for United States of America.

Herbert L. Schoenbohm, St. Croix, US, VI, pro se.

Before: McKEE, FUENTES, and NYGAARD Circuit Judges.

### OPINION OF THE COURT

FUENTES, Circuit Judge:

Herbert L. Schoenbohm appeals the District Court's denial of a motion for *coram nobis* relief.[1] For the following rea-

---

**1.** *Coram nobis,* which is available only to individuals no longer in custody, refers to "[a] writ of error directed to a court for review of its own judgment and predicated on alleged

sons, we will affirm the judgment of the District Court.[2]

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. In 1992, a jury convicted Schoenbohm on all three counts of an indictment for crimes involving the theft of long-distance telephone service, in violation of 18 U.S.C. § 1029(a). After considering Schoenbohm's post-trial motions, the District Court dismissed two of these counts, leaving in place a conviction under 18 U.S.C. § 1029(a)(1) for fraudulent use of a counterfeit access device. The District Court found there was ample evidence to support the verdict on this count. Schoenbohm's sentence included a term of house arrest, followed by probation, and a $5,000 fine. Schoenbohm subsequently appealed his conviction to this Court. In an unpublished opinion, we affirmed Schoenbohm's conviction for use of a counterfeit access device. (App. at 64 [*United States v. Schoenbohm*, No. 93–7516, 1994 WL 412914 (3d Cir. Jul. 22, 1994) ].)

While his appeal was pending, Schoenbohm filed a *pro se* motion in the District Court seeking "relief from judgment" pursuant to Fed.R.Civ.P. 60(b)(3). Rule 60(b)(3) allows a court to relieve a party from a final judgment, order, or proceeding when there is fraud, misrepresentation, or misconduct by an opposing party. The District Court treated the motion as an application for habeas relief under 28 U.S.C. § 2255 and denied the petition. Schoenbohm appealed the denial of his habeas petition to this Court. In an unpublished opinion, we affirmed the District Court's denial of habeas relief, again finding ample evidence to support Schoenbohm's conviction. (App. at 74 [*United States v. Schoenbohm*, No. 95–7241 (3d Cir. May 9, 1996) ].)

Schoenbohm's third appearance before this Court in this matter finds its genesis in a decision of the Federal Communications Commission ("FCC"). On February 2, 1994, while his direct appeal was pending, Schoenbohm applied to the FCC to renew his ham radio operator's license. The FCC held a hearing to determine whether his criminal conviction disqualified Schoenbohm from renewing his license. Schoenbohm filed exceptions to an initial adverse decision. The proceeding was then remanded for the taking of additional evidence. On remand, the Administrative Law Judge ("ALJ") upheld the denial of Schoenbohm's application. However, in reaching this conclusion, the ALJ found that taped conversations Schoenbohm had with other radio operators did not show that he had used his amateur radio facilities to teach others how to obtain illegal access codes. These same conversations were among the evidence presented against Schoenbohm in this case.

In February 2006, the government sought a writ of garnishment to collect Schoenbohm's $5,000 fine, with interest. Upon issuance of the writ, Schoenbohm requested a hearing. Relying on the FCC opinion, he moved *pro se* to vacate his conviction, dismiss the garnishment, and expunge his criminal record via a writ of *coram nobis*. The District Court denied Schoenbohm's motions. Schoenbohm now appeals the denial of *coram nobis* relief to this Court.

## II.

The writ of *coram nobis* is available "to attack allegedly invalid convictions which

---

errors of fact." BLACK'S LAW DICTIONARY 388 (9th ed.2009).

**2.** The District Court had jurisdiction under 48 U.S.C. § 1612. We have jurisdiction pursuant to 28 U.S.C. § 1291.

have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *United States v. Stoneman,* 870 F.2d 102, 105–06 (3d Cir.1989). *Coram nobis* is an extraordinary remedy and is appropriate only to correct a "fundamental error" for which "there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier." *Id.* at 106.[3] Recently, the Supreme Court reemphasized that "courts must be cautious so that the extraordinary remedy of *coram nobis* issues only in extreme cases." *United States v. Denedo,* —— U.S. ——, ——, 129 S.Ct. 2213, 2223, 173 L.Ed.2d 1235 (2009).

Schoenbohm argues that *coram nobis* is available to him because he has completed his sentence but suffers continuing consequences. These include the government's effort to collect the fine levied against him and disenfranchisement due to his felony conviction. The government concedes that Schoenbohm is no longer in custody and arguably may suffer continuing consequences due to his conviction.

In support of his request for *coram nobis* relief, Schoenbohm argues that the government knowingly used false evidence to convict him and that this evidence affected his subsequent appeal and habeas petition. At trial, a taped radio conversation involving Schoenbohm was presented in support of the government's contention that Schoenbohm instructed listeners on how to obtain illegal access codes. As noted, the FCC, in ruling on his license renewal, found that this conversation had nothing to do with illicit access codes. Instead, the ALJ concluded that Schoenbohm discussed and demonstrated a third-party's illegal method of making phone calls using ordinary, publicly-available numbers.

Even if this Court accepted the ALJ's interpretation of the taped conversation, Schoenbohm's case does not merit the extraordinary relief requested because the record still contains sufficient evidence to support Schoenbohm's conviction. On direct appeal, this Court stated that "[18 U.S.C.] § 1029(a)(1) was violated if Schoenbohm made a single call using a counterfeit access device." (App. at 56.) At trial, the government presented to the jury substantial additional evidence showing that calls were made using such a device. This evidence included: testimony from multiple witnesses showing that Schoenbohm made calls using illicit codes; his possession of an automatic dialing machine, which could have been used to break into long-distance telephone lines; and a Secret Service agent's testimony that Schoenbohm not only admitted to possessing access codes, but also suggested that they "cut a deal." (*Id.* at 56–57.) Given this evidence, the jury could have reasonably found that Schoenbohm made at least one long-distance call using a counterfeit access device. Because we find no "fundamental error" in this case, we decline to grant *coram nobis* relief.

For the foregoing reasons, we will affirm the District Court.

---

**3.** The government also argues that *coram nobis* is inappropriate because Schoenbohm has no valid reason for not seeking relief earlier.

The Court declines to reach this issue, as it finds no "fundamental error" and, therefore, the request for *coram nobis* is without merit.